UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RANDY SPIECE,

    Plaintiff,                            CIVIL ACTION NO. 07-11823

v.                                    DISTRICT JUDGE SEAN F. COX
                                         MAGISTRATE JUDGE DONALD A. SCHEER
COMMISSIONER OF
SOCIAL SECURITY,

    Defendant.
    _____/

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

RECOMMENDATION: Plaintiff's Motion for Summary Judgment should be DENIED, and that of Defendant GRANTED, as there was substantial evidence on the record that claimant retained the residual functional capacity for a limited range of light work.

\* \* \*

Plaintiff filed an application for Social Security disability insurance benefits on October 15, 2002, alleging that he had been disabled and unable to work since April 22, 2002, at age 46, due to carpal tunnel syndrome, back pain and a heart condition. Benefits were denied by the Social Security Administration (SSA). A requested de novo hearing was held on November 16, 2004, before Administrative Law Judge (ALJ) Regina F. Sobrino. The ALJ subsequently found that the claimant was not entitled to disability benefits because he retained the ability to perform a restricted range of light work. The Law Judge found that the claimant was unable to reach above his head, crawl, climb ladders, use vibrating tools, or perform any forceful gripping. He was also restricted to occasional climbing, balancing and crouching. The Appeals Council declined to review that decision

and Plaintiff commenced the instant action for judicial review of the denial of benefits. The parties have filed Motions for Summary Judgment and the issue for review is whether Defendant's denial of benefits was supported by substantial evidence on the record.

Plaintiff was 48 years old at the time of the administrative hearing (TR 271). He had a ninth grade education, and had been employed by General Motors as an automobile assembler, inspector and repairman during the relevant past (TR 71, 74-79). These jobs required him to remain on his feet for most of the workday. He constantly had to handle, grip and manipulate large and small objects. He had to lift up to 50 pounds on a regular basis (TR 74-79). Claimant stopped working in April 2002, due to back pain and severe wrist/hand weakness[1] (TR 65, 272).

Plaintiff testified that he was disabled as a result of back pain and bilateral hand stiffness (TR 84, 273). The claimant indicated that he could not sit or stand for prolonged periods (TR 273-274). He estimated that he could sit or stand for about 45 minutes before he needed to change position (TR 274). The claimant said that he had to lie down on a regular basis in order to relieve fatigue and drowsiness (TR 279). Plaintiff added that he had to use both hands to lift an object weighing 10 pounds, and that he had trouble carrying heavy bags of groceries (TR 274). He also allegedly had difficulty holding a pen and picking up coins from a tabletop (TR 274). Plaintiff added that he was unable to perform most exertional activities, but he shopped for groceries, took out the garbage, and did most of the yard work (TR 276-277).

---

[1] Plaintiff was receiving disability benefits from General Motors since April 2003 (TR 253).

**2**

A Vocational Expert, Melody Henry, classified Plaintiff's past work as medium, unskilled and semi-skilled activity, which did not impart any transferable skills (TR 284). The witness testified that there would not be any jobs for claimant to perform if his testimony were fully accepted[2] (TR 287). If he were capable of light work, however, there were numerous sorting, inspection, security guard, machine tending and equipment cleaning jobs that he could perform with minimal vocational adjustment (TR 285). These jobs did not require forceful grasping of objects, frequent stair climbing, or repetitive use of the hands in the performance of assigned duties. They also did not require the use of vibrating power tools, or the performance of any overhead reaching (TR 284).

LAW JUDGE'S DETERMINATION

The Administrative Law Judge found that Plaintiff was impaired as a result of degenerative disc disease of the cervical and lumbar spine, bilateral carpal tunnel syndrome and atrial fibrillation of recent onset, but that he did not have an impairment or combination of impairments severe enough to meet or equal the Listing of Impairments. The ALJ recognized that claimant's joint pain and carpal tunnel syndrome prevented him from working at jobs requiring repetitive hand motions, forceful grasping of objects and lifting above shoulder level. She further determined that Plaintiff could perform only occasional climbing, balancing, stooping, kneeling, crouching, reaching and crawling. The Law Judge found that the claimant retained the residual functional capacity to perform a significant number of light jobs, within those limitations, as identified by the Vocational Expert.

---

[2] The witness testified that claimant's alleged need to lie down several times a day would preclude all work activity (TR 287).

STANDARD OF REVIEW

Pursuant to 42 U.S.C. § 405(g), this court has jurisdiction to review the Commissioner's decisions. Judicial review of those decisions is limited to determining whether his findings are supported by substantial evidence and whether she employed the proper legal standards. Richardson v. Perales, 402 U.S. 389, 401 (1971). Substantial evidence is more than a scintilla but less than a preponderance. It is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. See Kirk v. Secretary, 667 F.2d 524, 535 (6th Cir. 1981), cert. denied, 461 U.S. 957 (1983). This court does not try the case de novo, resolve conflicts in the evidence, or decide questions of credibility. See Brainard v. Secretary, 889 F.2d 679, 681 (6th Cir. 1989); Garner v. Heckler, 745 F.2d 383, 387 (6th Cir. 1984).

In determining the existence of substantial evidence, the court must examine the administrative record as a whole. Kirk, 667 F.2d at 536. If the Commissioner's decision is supported by substantial evidence, it must be affirmed even if even substantial evidence also supports the opposite conclusion, Mullen v. Bowen, 800 F.2d 535, 545 (6th Cir. 1986) (en banc), Casey v. Secretary, 987 F.2d 1230 (6th Cir. 1993), and even if the reviewing court would decide the matter differently, Kinsella v. Schweiker, 708 F.2d 1058, 1059 (6th Cir. 1983).

Plaintiff maintains that substantial evidence does not exist on the record that he remains capable of performing a limited range of light work activity. He also argues that the ALJ improperly evaluated his credibility, and did not take into consideration all of his functional limitations. Defendant counters that the claimant retains the residual functional

capacity for a reduced range of light work because the objective clinical evidence of record did not confirm the disabling nature of his joint pain.

DISCUSSION AND ANALYSIS

A claimant's subjective allegations of disabling pain are insufficient, by themselves, to support a claim for benefits.  Sizemore v. Secretary, 865 F.2d 709, 713 (6th Cir. 1988). Pain alone can be disabling if it is severe enough to preclude all substantial, gainful activity, but the symptoms must be substantiated by some objective, clinical or laboratory findings. Hurst v. Secretary, 753 F.2d 517, 519 (6th Cir. 1985).  Where, as here, the claimant alleges disability as a result of severe pain, the Sixth Circuit has established a standard to evaluate those complaints. Under that standard, a claimant has the burden of providing objective evidence confirming the severity of the alleged pain, or establishing that the medical condition is of such a kind and severity that it could reasonably be expected to produce the allegedly disabling pain.  Duncan v. Secretary, 801 F.2d 847, 853 (6th Cir. 1986), McCormick v. Secretary, 861 F.2d 998, 1002-1003  (6th Cir. 1988).

Substantial evidence existed on the record supporting the Commissioner's conclusion that Plaintiff retained the residual functional capacity for a restricted range of simple, routine, light work, with no overhead reaching and no repetitive hand movements. Contrary to Plaintiff's assertion, the medical evidence did not support his allegations of totally disabling joint pain,  hand numbness or heartbeat irrregularities.

None of the examining physicians of record concluded that the claimant was totally disabled.  Following successful bilateral carpal tunnel decompression surgery in April and June 2002 (TR 109-122), Dr Nathaniel Narten, the orthopedic surgeon, reported that Plaintiff enjoyed significant relief of his symptoms (TR 117, 125).  On physical examination,

the claimant had good wrist motion and little numbness in the left hand at night (TR 125). Plaintiff was encouraged to return to work within a month (TR 126).

Plaintiff's treating physician assistant, Darin Clark, reported in October 2003, that the claimant enjoyed complete range of motion in all joints without muscle atrophy. No major neurological deficits were observed. Other than some decreased bilateral grip strength, muscle strength was within normal limits (TR 134-135, 228-229).

A cardiac evaluation in October 2002, was essentially unremarkable. Dr. Wayne Breece, a heart specialist, noted that Plaintiff was physically very active. The claimant denied having any symptoms of chest pain, shortness of breath or heart palpitations (TR 140). Objective cardiac tests failed to reveal any major abnormalities (TR 139-145). However, a Holter monitor test, conducted in October 2004, showed evidence of silent atrial fibrillation (TR 191). Dr. Breece indicated that the heart irregularity was not associated with any dizziness, weakness or palpation (TR 193). The doctor believed the condition could be controlled with medication (TR 191).

Claimant's daily activities, as described below, were considered by the ALJ and found to be consistent with the ability to perform light work activity. As the ALJ noted, Plaintiff testified that he maintained his lakefront home where he lived by himself most of the time. He performed the household chores, shopped for groceries, drove an automobile, fished from a pontoon boat, and mowed his lawn with a riding lawnmower (TR 25, 275-277). The Law Judge also found it significant that Plaintiff did not take pain medication, despite alleging disabling pain (TR 26, 84, 278). This evidence shows that, while claimant no longer retains the ability to perform the exertional demands of his former jobs, he is able to perform less physically demanding activities.

When evaluating Plaintiff's residual physical functional capacity, the Law Judge also took into consideration the opinion of a state agency consultant, who concluded that the claimant could perform a restricted range of light work[3] (TR 174-181). In light of that evidence, the Commissioner could reasonably conclude that Plaintiff's subjective complaints of persistent, severe, totally disabling symptoms stemming from his back pain, hand numbness and heart irregularity were not fully credible.

Contrary to Plaintiff's assertion, there was no objective medical evidence suggesting that he suffered fatigue or drowsiness, or that he needed to lie down frequently throughout the day. The ALJ took into consideration claimant's objectively proven functional limitations by restricting him to jobs that did not require forceful grasping, reaching above shoulder level, or repetitive use of the hands.

It is the rare case, the exception, in which every piece of evidence points incontrovertibly toward a decision to deny benefits. There was evidence in the record which, taken in isolation, might suggest that the Plaintiff was totally disabled and that his testimony was fully credible. However, special deference is owed to the credibility findings of the ALJ, who was the only one who had the opportunity to observe the demeanor of the witness, evaluate what was said and how it was said, and to consider how that testimony fit in with the rest of the medical evidence. Such observation is invaluable and should not be discarded lightly. Beavers v. Secretary, 577 F.2d 383 (6th Cir. 1978). See also Williamson v. Secretary, 796 F.2d 146, 150 (6th Cir. 1986).

---

[3]Under the regulations, ALJs "must consider findings of State agency medical and psychological consultants," but ALJs "are not bound by any findings made by State agency medical or psychological consultants." 20 C.F.R. § 404.1527(f)(2)(I) (2007).

By establishing that he could not return to his past relevant work, the Plaintiff here effectively shifted to the Commissioner the burden of proving that he had the vocational qualifications to perform alternative jobs in the economy, notwithstanding his various impairments. The Commissioner, however, met his burden of proving the existence of jobs which accommodated claimant's known restrictions. In response to hypothetical questions that took into consideration claimant's educational and vocational background, along with his significant impairments, the Vocational Expert testified that there were numerous unskilled sorting, inspection, security guard, machine tending and equipment cleaning jobs that he could perform with minimal vocational adjustment (TR 285). These jobs did not require forceful grasping of objects, frequent stair climbing, or repetitive use of the hands in the performance of assigned duties. They also did not require the use of vibrating power tools, or the performance of any overhead reaching[4] (TR 284). Given the objective clinical findings of the examining physicians of record, substantial evidence existed on the record that Plaintiff retained the residual functional capacity for a restricted range of light work activity.

In sum, the Commissioner's decision to deny benefits was within the range of discretion allowed by law and there is simply insufficient evidence for the undersigned to find otherwise. Accordingly, Plaintiff's Motion for Summary Judgment should be denied, that of Defendant granted and the instant Complaint dismissed.

---

[4] Contrary to Plaintiff's assertion, the Law Judge's hypothetical questions to the Vocational Expert (VE) accurately described his back discomfort and hand weakness. The VE testified that the sorting, inspection, security guard, machine tending and equipment cleaning positions did not require forceful gripping or prolonged standing and sitting (TR 284). The Sixth Circuit recently held that hypothetical questions to experts are not required to included lists of claimant's medical conditions. Webb v. Commissioner, 368 F.3d 629, 633 (6th Cir. 2004). Under these circumstances, the ALJ's hypothetical question accurately portrayed Plaintiff's impairments.

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within ten (10) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1). Failure to file specific objections constitutes a waiver of any further right of appeal. United States v. Walters, 638 F.2d 947 (6th Cir. 1981), Thomas v. Arn, 474 U.S. 140 (1985), Howard v. Secretary of HHS, 932 F.2d 505 (6th Cir. 1991). Filing of objections which raise some issues but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation. Smith v. Detroit Fed'n of Teachers Local 231, 829 F.2d 1370, 1373 (6th Cir. 1987), Willis v. Secretary of HHS, 931 F.2d 390, 401 (6th Cir. 1991). Pursuant to Rule 72.1 (d)(2) of the Local Rules of the United States District Court for the Eastern District of Michigan, a copy of any objections is to be served upon this Magistrate Judge.

Within ten (10) days of service of any objecting party's timely filed objections, the opposing party may file a response. The response shall address specifically, and in the same order raised, each issue contained within the objections.

                                                        s/Donald A. Scheer
                                                        DONALD A. SCHEER
                                                        UNITED STATES MAGISTRATE JUDGE
DATED: October 29, 2007
_____

## CERTIFICATE OF SERVICE

I hereby certify on October 29, 2007 that I electronically filed the foregoing paper with the Clerk of the Court sending notification of such filing to all counsel registered electronically. I hereby certify that a copy of this paper was mailed to the following non-registered ECF participants on October 29, 2007. **None.**

                                               s/Michael E. Lang
                                               Deputy Clerk to
                                               Magistrate Judge Donald A. Scheer
                                               (313) 234-5217